UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| MICHAEL CRAIG WINTER, | ) | CASE NO. 22-02326 |
| | ) | |
| DEBTOR. | ) | HON. CAROL A. DOYLE |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on **June 30, 2022, at 10:00 a.m.**, I will appear before the Honorable Carol A. Doyle, or any judge sitting in that judge's place, and present the **U.S. Trustee's Motion To Convert Or, In The Alternative, Dismiss Chapter 11 Case Pursuant To 11 U.S.C. § 1112(b),** a copy of which is attached.

**This motion will be presented and heard electronically using Zoom for Government.** No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

**To appear by video**, use this link: https://www.zoomgov.com/. Then enter the meeting ID and password.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.

**Meeting ID and password**. The meeting ID for this hearing is 161 155 8289 and the password is Doyle742. The meeting ID and password can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

/s/ *Spencer C. Ezel*
Spencer C. Ezell, Trial Attorney
OFFICE OF THE U.S. TRUSTEE
219 S. Dearborn, Room 873
Chicago, Illinois 60604
262-613-8737

1

# CERTIFICATE OF SERVICE

I, Spencer C. Ezell, an attorney, certify that I caused to be served copies of this notice, the attached motion, and proposed order on the ECF Registrants shown below *via* the Court's Electronic Notice for Registrants and *via* First Class US Mail by BMC Group on all other entities shown at the addresses listed below. A supplement to this Certificate of Service from BMC Group will be filed.

/s/ *Spencer C. Ezell*

**SERVICE LIST**
**Registrants Served Through the Court's Electronic Notice For Registrants:**

| | |
|---|---|
| Adam B. Hall: | amps@manleydeas.com |
| Patrick S. Layng: | USTPRegion11.ES.ECF@usdoj.gov |
| David P. Leibowitz: | dleibowitz@lodpl.com, jstorer@lakelaw.com; storerjr58596@notify.bestcase.com; ecf@lodpl.com |
| Neema T. Varghese: | nvarghese@nvconsultingservices.com |

**Parties Served via U.S. First Class Mail:**
**(served by BMC Group)**

Michael Craig Winter, 1304 Laurel Avenue, Deerfield, IL 60015-4757
California Franchise Tax Board, P.O. Box 1468, Sacramento, CA 95812-1468
Capital One, PO Box 30285, Salt Lake City, UT 84130-0285
Credit One Bank, 6801 S. Cimmaron Road, Las Vegas, NV 89113-2273
Capital One Bank (USA), N.A., by American InfoSource as agent, 4515 N. Santa Fe Ave., Oklahoma City, OK 73118-7901
Capital One Auto Finance, a division of Capital One, N.A., c/o AIS Portfolio Services, LP, 4515 N. Santa Fe Ave. Dept. APS, Oklahoma City, OK 73118-7901
Chrysler Capital, P.O. Box 660335, Dallas, TX 75266-0335
David P. Leibowitz, Law Offices of David P. Leibowitz LLC, 3438 N Elaine Place, Suite 4, Chicago, IL 60657-0801
Department of the Treasury, Internal Revenue Service, P.O. Box 7346, Philadelphia, PA 19101-7346
Elkins Kalt, 10345 W. Olympic Blvd., |Los Angeles, CA 90064-2524
First Premier Bank, 601 S. Minnesota Avenue, Sioux Falls, SD 57104-4868
Grund & Leavitt, 600 Central Avenue, Highland Park, IL 60035-3256
Illinois Department of Revenue, Bankruptcy Unit, PO Box 19035, Springfield, IL 62794-9035
Internal Revenue Service, Mail Stop 5014CHI, 230 South Dearborn Street Room 2600, Chicago, IL 60604-1705
Internal Revenue Service, P.O. Box 7346, Philadelphia, PA 19101-7346
JPMorgan Chase Bank NA, Bankruptcy Mail Intake Team, 700 Kansas Lane Floor 01, Monroe, LA 71203-4774

JPMorgan Chase Bank, c/o Manley Deas Kochalski LC, Attn: Edward Cahill, P.O. Box 1665028, Columbus, OH 43216-5028
JPMorgan Chase Bank, N.A., c/o Manley Deas Kochalski LLC, P.O. Box 165028, Columbus, OH 43216-5028
Neema T. Varghese, NV Consulting Services, 701 Potomac, Ste. 100, Naperville, IL 60565-3422
Peter Scheman, Eiseman Levine Lehrhaupt & Kakoyiannis, 805 Third Avenue, Attn: Eric Aschkenasy, New York, NY 10022-7513
Peter and Andrew Scheman, c/o Adam Vaught, Kilbride & Vaught, 82 S. LaGrange Rd., Suite 208, LaGrange, IL 60525-6348
PRA Receivables Management, LLC, PO Box 41021, Norfolk, VA 23541-1021
Robert Mancari, 232 Desert Street, Las Vegas, NV 89107
Synchrony Bank, c/o PRA Receivables Management, LLC, PO Box 41021, Norfolk, VA 23541-1021
Verizon, by American InfoSource as agent, 4515 N. Santa Fe Ave., Oklahoma City, OK 73118-7901

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| MICHAEL CRAIG WINTER, | ) | CASE NO. 22-02326 |
| | ) | |
| DEBTOR. | ) | HON. CAROL A. DOYLE |

**U.S. TRUSTEE'S MOTION TO CONVERT OR, IN THE ALTETRNATIVE, DISMISS CHAPTER 11 CASE PURSUANT TO 11 U.S.C. § 1112(b)**

NOW COMES PATRICK S. LAYNG, the United States Trustee for the Northern District of Illinois (the "U.S. Trustee"), by and through his attorney, Spencer C. Ezell, hereby moves this Court to enter an order converting or, in the alternative, dismissing the above-captioned Chapter 11 case. In support of his motion, the U.S. Trustee states to the Court as follows:

### JURISDICTION

1. The Court has jurisdiction to hear and determine this motion pursuant to 28 U.S.C § 157(b)(2)(A) and IOP 15(a) and Local Rule 40.3.1 of the United States District Court for the Northern District of Illinois.

2. Movant is the U.S. Trustee for the Northern District of Illinois and is charged with supervising the administration of bankruptcy cases under 28 U.S.C. § 586(a). The U.S. Trustee makes this request pursuant to 11 U.S.C. § 1112(b)(1).

### BACKGROUND

3. Michael Craig Winter (the "Debtor") initiated this case on March 1, 2022 (the "Petition Date") by filing a petition for relief under Subchapter V of Chapter 11 of the Bankruptcy Code. *Dkt. 1*.

4. Since the Petition Date, the Debtor has remained in possession and control of his assets and continues to manage his affairs pursuant to Section 1184 as a debtor-in-possession.

1

5.  On the Petition Date, the Debtor was represented by David Leibowitz. *Dkt. 28*. Mr. Leibowitz withdrew as counsel for the Debtor on May 19, 2022. *Dkt. 47*.

6.  As of the filing of this Motion, the Debtor has failed to timely file his Subchapter V Plan of Reorganization. The Debtor has not filed a motion to extend the filing deadline for the Plan. Moreover, the Debtor has failed to file any monthly operating reports throughout the duration of his bankruptcy case. Finally, the Debtor has failed to provide the U.S. Trustee with proof of insurance for estate property. The Debtor's failure to comply with his filing requirements under the Bankruptcy Code and Federal Rules of Bankruptcy Procedure warrants conversion or dismissal of this case.

## LEGAL ARGUMENT

### A. The Debtor has Failed to Timely File the Plan

7.  Section 1112(b)(1) of the Bankruptcy Code provides, in relevant part:

> [O]n request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

8.  Section 1112(b)(4)(F) states that "cause" includes the "unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter."

9.  Section 1189 of the Bankruptcy Code imposes the requirement that a Subchapter V debtor file its plan not later than 90 days after the petition date. 11 U.S.C. § 1189(b) ("The debtor shall file a plan not later than 90 days after the order for relief under this chapter, except that the court may extend the period if the need for the extension is attributable to circumstances for which the debtor should not justly be held accountable.").

2

10. Consequently, a debtor's unexcused failure to file the Plan constitutes "cause" for conversion or dismissal. *See In re Online King LLC*, 629 B.R. 340, 348 (Bankr. E.D.N.Y. 2021); *In re Trepetin*, 617 B.R. 841, 845 n.3 (Bankr. D. Md. 2020).

11. The Petition Date in this case was March 1, 2022. As such, the Plan was due to be filed on or before May 30, 2022. As of the filing of this motion, the Debtor has neither filed a Subchapter V Plan nor filed a motion to extend the deadline to file the same.

12. Therefore, the Debtor's failure to timely file the Plan in this case constitutes cause for conversion or dismissal.

### B. The Debtor has Failed to Maintain Appropriate Insurance and Provide Proof of the Insurance to the United States Trustee

13. Section 1112(b)(4)(C) states that "cause" to convert or dismiss a Chapter 11 debtor includes "failure to maintain appropriate insurance that poses a risk to the estate or to the public."

14. Section 1112(b)(4)(H) states that "cause" to convert or dismiss a Chapter 11 debtor includes "failure timely to provide information or attend meetings reasonably requested by the United States trustee."

15. At the Initial Debtor Interview on March 17, 2022, the U.S. Trustee's office advised the Debtor and Mr. Leibowitz about the Debtor's obligation to provide proof of insurance to the U.S. Trustee. The U.S. Trustee's office sent a reminder e-mail to the Debtor and Mr. Leibowitz of this obligation on March 23, 2022. As of the filing of this motion, the Debtor has failed to provide the requested proof of insurance.

16. The Debtor's failure to provide proof that it has maintained appropriate insurance to protect the bankruptcy estate or the public and provide proof of the same, as requested by the U.S. Trustee, constitutes cause to convert or dismiss this case. *See In re 167 W. 133rd St. Hous.*

*Dev. Fund Corp.*, 2018 WL 4637460, *5 n.10 (Bankr. S.D.N.Y. Sept. 25, 2018); *see also In re Van Eck*, 425 B.R. 54, 60–61 (Bankr. D. Conn. 2010).

    C.  **The Debtor has Failed to File Monthly Operating Reports**

    17.    Section 1112(b)(4)(F) states that "cause" to convert or dismiss a Chapter 11 debtor includes the "unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter."

    18.    It is well established that a debtor's failure to submit monthly operating reports is "cause" to convert or dismiss a case. *In re Rey*, 2006 WL 2457435, *8 (Bankr. N.D. Ill. Aug. 21, 2006). "Monthly operating reports are much more than busy work imposed upon a Chapter 11 debtor for no reason other than to require it to do something." *In re Berryhill*, 127 B.R. 427, 433 (Bankr. N.D. Ind. 1991). Monthly operating reports "are the life blood of chapter 11 . . . enabling creditors to keep tabs on the debtor's post-petition operations." *Id.* A debtor's failure to file monthly operating reports – and file them timely – is "a serious breach of the debtor's fiduciary obligations and undermines the Chapter 11 process." *In re Rey*, at *8.

    19.    As of the filing of this motion, the Debtor has failed to file any operating reports in this case. A debtor-in-possession, the Debtor has a "fiduciary obligation to its creditors to file the reports on time, and 'neither the court nor creditors should have to coerce or implore a debtor into fulfilling the obligations imposed on it.'" *In re Berryhill*, 127 B.R. at 433.

    20.    The Debtor's failure to file monthly operating reports constitutes cause to convert or dismiss this case.

## CONCLUSION

21. Given the Debtor's assets and the claims filed in this case, the U.S. Trustee believes that it would be in the best interest of creditors to convert this case to one under Chapter 7.

22. Therefore, as a result of the foregoing, the U.S. Trustee requests that this case be converted to Chapter 7 for cause shown. In the alternative, the U.S. Trustee requests that this case be dismissed for cause shown.

**WHEREFORE,** the U.S. Trustee respectfully asks this Court for an order converting or, in the alternative, dismissing this Chapter 11 case, and for such other relief as this Court deems just.

RESPECTFULLY SUBMITTED:

PATRICK S. LAYNG
UNITED STATES TRUSTEE

DATED: June 2, 2022         */s/ Spencer C. Ezell*
Spencer C. Ezell, Trial Attorney
OFFICE OF THE U.S. TRUSTEE
219 S. Dearborn, Room 873
Chicago, Illinois 60604
202-702-6338